IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:05-CR-32 |
| | ) | (PHILLIPS/GUYTON) |
| JEREMY ROBBINS, DIANE SHANDS | ) | |
| ROBBINS, and VAIRAME TEDESCO, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

All pretrial motions in this case have been referred to the undersigned pursuant to 28

U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District

Court as may be appropriate.

## I.    MOTIONS TO ADOPT

### A.    Defendant Diane Shands Robbins

In her first motion to adopt [Doc. 151], Defendant Diane Shands Robbins (hereinafter

"Diane Robbins") moves to adopt the following motions filed by Defendant Jeremy Robbins:

> (1) Motion for Disclosure of Impeaching and Exculpatory Evidence
> [Doc. 82];

> (2) Motion for Bill of Particulars [Doc. 87] and accompanying
> Memorandum of Law [Doc. 89];

> (3) Motion for Notice of Any Rule 404(b) Evidence the Government
> Seeks to Introduce at Trial [Doc. 94] and accompanying
> Memorandum of Law [Doc. 96];

(4) Motion for Evidence Arguably Subject to Suppression Under Rule 12(b)(4)(B) [Doc. 106];

(5) Motion for Agents to Retain Rough Notes [Doc. 108] and accompanying Memorandum of Law [Doc. 110];

(6) Request for Disclosure of Exculpatory Evidence [Doc. 117];

(7) Motion for Hearing to Determine Existence of Conspiracy [Doc. 112];

(8) Motion to Compel Pre-Trial Disclosure of Non-Jencks Exculpatory Evidence [Doc. 119];

(9) Request of Rule 16(a)(1)(E) Information [Doc. 121];

(10) Motion for Disclosure of Identity of Persons Who Were Present or Participated in Any Charged Offense Conduct [Doc. 123] and accompanying Memorandum of Law [Doc. 125]; and

(11) Motion for Leave to File Further Motions [Doc. 91].

In her second motion to adopt, Defendant Diane Robbins seeks to adopt the Motion for Agents, Officers and Employees to Disclose and Provide Evidence in Their Possession, Custody or Control to the Prosecuting Attorney [Doc. 113] and accompanying Memorandum of Law [Doc. 114], as well as the Motion for Pretrial Notice of Government's Intent to Use 608 or 609 Impeachment Evidence [Doc. 127] filed by Defendant Sidney Douglas Adams. Additionally, Defendant Diane Robbins seeks to adopt the Motion for Pre-Trial Hearing to Determine the Admissibility of Statements of Alleged Co-Conspirators [Doc. 134] filed by Defendant William S. Denton, III, and the Motion for Disclosure of Electronic Surveillance [Doc. 72] and the Motion for Disclosure of All Statements Attributed to Defendant [Doc. 84] and the accompanying Memorandum of Law [Doc. 86] filed by Defendant Steve Shipley.

2

The government has not filed any opposition to Defendant Diane Robbins' first and second motions to adopt and instead simply refers to its responses to the adopted motions. [Doc. 184]. For good cause shown, Defendant Diane Robbins' First and Second Motions to Adopt [Docs. 151, 167] are **GRANTED**.

In her third motion to adopt [Doc. 222], Defendant Diane Robbins seeks to adopt the Motion to Suppress Evidence Obtained from the Search of Tract 12-A, Hamblen County, Tennessee, filed by Defendant Jeremy Robbins. The government opposes this motion, arguing that Defendant Diane Robbins does not have a legitimate expectation of privacy in this property.

In order to have standing to contest whether a search comports with the Fourth Amendment, the defendant must have "a legitimate expectation of privacy" in the location searched. Rakas v. Illinois, 439 U.S. 128, 143 (1978). "It is well-established that a defendant claiming that a search violated his Fourth Amendment rights has the burden of demonstrating that he had a legitimate expectation of privacy in the place that was searched." United States v. Talley, 275 F.3d 560, 563 (6th Cir. 2001). Whether the defendant enjoys a reasonable expectation of privacy does not turn solely upon the defendant's subjective belief but also depends upon (1) the defendant's interest in and control of the place searched; (2) any measures taken by the defendant to ensure privacy; and (3) whether society recognizes the defendant's expectation as reasonable. See United States v. Padin, 787 F.2d 1071, 1075-76 (6th Cir.), cert. denied, 479 U.S. 823 (1986).

In the present case, there is no evidence that Diane Robbins had any interest or control in the barn located on Tract 12-A. Accordingly, the Court concludes that she did not have a reasonable expectation of privacy in the premises searched. For these reasons, Defendant Diane Robbins' Third Motion to Adopt [Doc. 222] is **DENIED**.

3

## B.     Defendant Vairame Tedesco

Defendant Vairame Tedesco initially moved to adopt "all relevant motions which have previously been filed by co-defendants." [Doc. 158].  The Court notes that the appropriate practice is for the moving party to specify the motions that she seeks to adopt.  In other words, there is no blanket "opt-in" practice.  Accordingly, Defendant Tedesco's Motion to Adopt Motion of Co-Defendants [Doc. 158] is **DENIED**.

In her Amended Motion to Adopt Motions of Co-Defendants [Doc. 166], Defendant Tedesco seeks to adopt the following motions:

### Motions of Co-Defendant Andrew Seaton:

(1) Motion for Disclosure of Identity of Persons Who Were Present or Participated [Doc. 69];

(2) Motion for a Bill of Particulars [Doc. 102];

(3) Motion for Severance of Defendants [Doc. 99]; and

(4) Motion to Suppress [Doc. 93].

### Motions of Co-Defendant Jeremy Robbins:

(1) Motion for Disclosure of Impeaching and Exculpatory Evidence [Doc. 82];

(2) Motion for Bill of Particulars [Doc. 87];

(3) Motion for Notice of Any Rule 404(b) Evidence the Government Seeks to Introduce at Trial [Doc. 94];

(4) Motion for Evidence Arguably Subject to Suppression Under Rule 12(b)(4)(B) [Doc. 106];

(5) Motion for Agents to Retain Rough Notes [Doc. 108];

(6) Request for Disclosure of Exculpatory Evidence [Doc. 117];

4

(7) Motion for Hearing to Determine Existence of Conspiracy [Doc. 112];

(8) Motion to Compel Pre-Trial Disclosure of Non-Jencks Exculpatory Evidence [Doc. 119];

(9) Request of Rule 16(a)(1)(E) Expert Information [Doc. 121];

(10) Motion for Disclosure of Identity of Persons Who Were Present or Participated in Any Charged Offense Conduct [Doc. 123];

(11) Joint Motion to Suppress the Evidence Obtained from the Search of 1628 Brookview Drive [Doc. 101];

(12) Joint Motion to Suppress the Evidence Obtained from the Search of 8116 Hulls Mill Road [Doc. 130]; and

(13) Joint Motion to Sever [Doc. 136].

**Motions of Co-Defendant Sidney Douglas Adams:**

(1) Motion for Pretrial Notice of Government's Intent to Use Evidence [Doc. 122];

(2) Motion for Pretrial Notice of Government's Intent to Use 404(b)-Type Evidence [Doc. 124];

(3) Motion for Pretrial Notice of Government's Intent to Use 608 or 609 Impeachment Evidence [Doc. 127];

(4) Motion for Pretrial Written Summary of Expert Testimony [Doc. 131];

(5) Motion for Disclosure of Informants and Operatives [Doc. 116];

(6) Motion for Agents, Officers and Employees to Disclose and Provide Evidence in Their Possession, Custody or Control to the Prosecuting Attorney [Doc. 113];

(7) Motion for Leave to File Additional Motions [Doc. 135];

(8) Motion for Suppress [Doc. 143];

(9) Request for Disclosure of Exculpatory Evidence [Doc. 107];

5

(10) Motion for Bill of Particulars [Doc. 103]; and

(11) Motion for Agents to Retain Rough Notes [Doc. 109].

**Motions of Co-Defendant William S. Denton:**

(1) Motion in Limine Number Two: Alleged Distinctive Packaging and Supporting Memorandum [Doc. 140];

(2) Motion in Limine Number One: Concert Picture [Doc. 139];

(3) Motion for Pre-Trial Hearing to Determine Admissibility of Statements of Alleged Co-Conspirators [Doc. 134];

(4) Motion for Severance of Defendants [Doc. 137];

(5) Motion to Suppress Tape Recording Made March 18, 2005 [Doc. 146];

(6) Motion to Suppress Tape Recording Made March 29, 2005 [Doc. 145];

(7) Motion for Severance of Defendants [Doc. 148][1];

(8) Motion to Compel Disclosure of the Existence and Substances of Promises of Immunity, Leniency, or Preferred Treatment [Doc. 142];

(9) Motion for Notice by the Government of Its Intention to Use Evidence Arguably Subject to Suppression [Doc. 132];

(10) Motion for Bill of Particulars [Doc. 120];

(11) Motion for Disclosure of Identity of Persons Who Were Present or Participated in Any Charged Offense Conduct [Doc. 128]; and

---

[1]Defendant Tedesco's motion incorrectly lists Doc. 148 as a motion to suppress by Defendant Denton. Defendant Denton's motion to suppress is actually Doc. 153. The Court interprets Defendant Tedesco's motion as seeking to adopt the motion for severance, which is Doc. 148. In the event that Defendant Tedesco intended to adopt Doc. 153, the motion to suppress, the Court finds that she has not established that she had a reasonable expectation of privacy with respect to Denton's residence, and therefore, her request to adopt this motion would be denied.

6

(12) Motion for Conspiracy Hearing to Determine the Existence of a Conspiracy [Doc. 126].

**<u>Motions of Co-Defendant Steve Shipley</u>:**

(1) Motion to Suppress [Doc. 90];

(2) Motion to Suppress Warrantless Search [Doc. 88];

(3) Motion for Disclosure of All Statements Which the Government Will Seek to Attribute to the Defendant [Doc. 84];

(4) Motion for Pretrial Hearing on the Existence of a Conspiratorial Agreement and the Connection Thereto of Defendant [Doc. 81];

(5) Motion for Bill of Particulars [Doc. 77];

(6) Motion for Disclosure of Impeaching Information [Doc. 76];

(7) Motion to Require the Government to Reveal Any Agreements with or Concessions to Witnesses That May Influence Their Testimony [Doc. 75];

(8) Motion for Disclosure of Material Witnesses [Doc. 74];

(9) Motion for Pretrial Production of Witness Statements [Doc. 73];

(10) Request for Notice of Electronic Surveillance [Doc. 72]; and

(11) Request for Pretrial Disclosure of Rule 404(b) Evidence [Doc. 71].

In response, the government refers the Court and the defendant to its responses filed in regard to the motions of Defendant Tedesco's co-defendants. [Doc. 186].

With respect to the motions to suppress filed by her co-defendants [Docs. 88, 90, 93, 101, 130, 143], the Court finds that Defendant Tedesco has not established standing to adopt these motions. There is no evidence that Defendant Tedesco had a reasonable expectation of privacy in these premises. See <u>Padin</u>, 787 F.2d at 1075-76.

7

Accordingly, Defendant Tedesco's Amended Motion to Adopt Motion of Co-Defendants [Doc. 166] is **DENIED** to the extent that she seeks to adopt her co-defendants' motions to suppress [Docs. 88, 90, 93, 101, 130, 143]. With respect to all of the other motions [Docs. 69, 71, 72, 73, 74, 75, 76, 77, 81, 82, 84, 87, 94, 99, 102, 103, 106, 107, 108, 109, 112, 113, 116, 117, 119, 120, 121, 122, 123, 124, 126, 127, 128, 131, 132, 134, 135, 136, 137, 139, 140, 142, 145, 146, 148], Defendant Tedesco's Amended Motion to Adopt Motion of Co-Defendants [Doc. 166] is **GRANTED**.

In her Second Motion to Adopt Motions of Co-Defendants [Doc. 215], Defendant Tedesco moves to adopt the following motions of her co-defendants and, where applicable, the memoranda in support of said motions. Specifically, Defendant Tedesco seeks to adopt: (1) the Renewed Motion for Leave to File Further Motions [Doc. 209] and Motion to Suppress Evidence Obtained from the Search of Tract 12-A, Hamblen County, Tennessee [Doc. 210] filed by Defendant Jeremy Robbins; (2) the Second Motion for Bill of Particulars [Doc. 203] filed by Defendant Sidney Douglas Adams; and (3) the Second Motion for Bill of Particulars [Doc. 206] filed by Defendant Steve Shipley.

Defendant Tedesco has not shown standing to challenge the search of Tract 12-A. Specifically, she has not established any reasonable expectation of privacy in the premises. Accordingly, Defendant Tedesco's Second Motion to Adopt Motions of Co-Defendants [Doc. 215] is **DENIED** to the extent that she seeks to adopt Defendant Jeremy Robbins' Motion to Suppress Evidence Obtained from the Search of Tract 12-A, Hamblen County, Tennessee [Doc. 210]. With respect to all of the other motions [Docs. 203, 206, 209], Defendant Tedesco's Second Motion to Adopt Motions of Co-Defendants [Doc. 215] is **GRANTED**.

### C.    Defendant Jeremy Robbins

In his motion to adopt [Doc. 175], Defendant Jeremy Robbins seeks to adopt the Motion to Suppress Statements filed by Defendant Diane Robbins [Doc. 92] and the accompanying Memorandum of Law [Doc. 95], as well as the Motion to Suppress filed by Defendant Andrew Seaton [Doc. 93] and its accompanying Memorandum of Law [Doc. 97]. Defendant Jeremy Robbins also seeks to adopt the following motions filed by Defendant Steve Shipley:

(1) Motion to Disclose Electronic Surveillance [Doc. 72];

(2) Motion to Disclose Witness Statements Pretrial [Doc. 73];

(3) Motion to Disclose Material Witnesses [Doc. 74];

(4) Motion to Compel the Government to Disclose Agreements or Concessions with Witnesses [Doc. 75];

(5) Motion for Disclosure of All Statement Attributed to the Defendants [Doc. 84] and accompanying Memorandum of Law [Doc. 86];

(6) Motion to Suppress Warrantless Search [Doc. 88]; and

(7) Motion to Suppress Statements [Doc. 90].

Defendant Jeremy Robbins further seeks to adopt the following motions filed by Defendant Sidney Douglas Adams:

(1) Motion to Disclose Evidence in Possession of Directing Agents to the Prosecuting Attorney [Doc. 113] and accompanying Memorandum of Law [Doc. 114];

(2) Motion for Disclosure of Informants and Operatives [Doc. 116] and accompanying Memorandum of Law [Doc. 118];

(3) Motion for Written Summary of Expert Testimony [Doc. 131];

(4) Motion for Return of Property Pretrial [Doc. 141]; and

9

(5) Motion to Suppress [Doc. 143] and accompanying Memorandum of Law [Doc. 144].

Finally, Defendant Jeremy Robbins seeks to adopt the following motions filed by Defendant Denton:

(1) Motion in Limine Regarding Concert Photo taken from Home of Defendant Denton [Doc. 139];

(2) Motion in Limine Regarding Alleged Distinctive Packaging [Doc. 140];

(3) Motion to Suppress Tape Recording Made March 29, 2005 [Doc. 145];

(4) Motion to Suppress Tape Recording Made March 18, 2005 [Doc. 146];

(5) Motion for Severance of Defendants [Doc. 148][2]; and

(6) Motion to Suppress [Doc. 153].

The Court finds that Defendant Jeremy Robbins does not have standing to adopt the motions to suppress filed by his co-defendants, as he has not established that he had a reasonable expectation of privacy in the properties searched. Accordingly, Defendant Jeremy Robbins' Motion to Adopt Motions Filed by Co-Defendants [Doc. 175] is **DENIED** to the extent that he seeks to adopts the motions to suppress and the accompanying memoranda [Docs. 88, 90, 93, 97, 143, 144, 153] related to the searches of the residences of his co-defendants. With respect to all of the other motions and memoranda [Docs. 72, 73, 74, 75, 84, 86, 92, 95, 113, 114, 116, 118, 131, 139, 140,

---

[2]Defendant Robbins' motion to adopt also erroneously refers to Doc. 148 as a motion to suppress by Defendant Denton. However, as Defendant Robbins also seeks to adopt Doc. 153, which is Defendant Denton's motion to suppress, the Court finds that this is simply a typographical error, and that Defendant Robbins intended to adopt both the motion for severance and the motion to suppress.

141, 145, 146, 148] that Defendant Jeremy Robbins seeks to adopt, the motion [Doc. 175] is **GRANTED**.

Finally, Defendant Jeremy Robbins moves [Doc. 213] for permission to adopt and join Defendant Shipley's Second Motion for Bill of Particulars [Doc. 206]. For good cause shown, Defendant Jeremy Robbins' Motion to Adopt Defendant Steve Shipley's Second Motion for Bill of Particulars [Doc. 213] is **GRANTED**.


## II. MOTIONS FOR DISCLOSURE OF PERSONS WHO WERE PRESENT OR PARTICIPATED

Pursuant to Roviaro v. United States, 353 U.S. 53 (1957), Defendant Jeremy Robbins seeks the identities and addresses of all persons who were present or participated in any of the alleged conduct on which the charges against this defendant are based and who may have knowledge of facts bearing on guilt or innocence. [Doc. 123]. Diane Robbins and Vairame Tedesco join in this motion. [Docs. 151, 166].

Defendant Tedesco further adopts [Doc. 166] Defendant Andrew Seaton's Motion for Disclosure of Identity of Persons Who Were Present or Participated [Doc. 69] and the Motion for Disclosure of Identity of Persons Who Were Present or Participated in Any Charged Offense Conduct [Doc. 128] filed by Defendant William S. Denton, III. Both of these motions advance similar arguments to those in the motion filed by Defendant Jeremy Robbins.

Additionally, Defendants Tedesco and Jeremy Robbins [Docs. 166, 175] have adopted the Motion for Disclosure of Informants and Operatives [Doc. 116] filed by Defendant Sidney Douglas Adams, which also seeks disclosure of informants' identities pursuant to Rovario.

11

The government responds [Docs. 183, 188, 189] that it is not required to disclose persons who were not active participants but mere tipsters or introducers or providers of information, nor is it required to disclose informants who were used only for the limited purpose of obtaining a search warrant.

As a general rule, the government is not required to disclose the names of its witnesses before trial. See United States v. McCullah, 745 F.2d 350, 353 (6th Cir. 1984); see also United States v. Dark, 597 F.2d 1097, 1099 (6th Cir.), cert. denied, 444 U.S. 927 (1979). With regard to the identities of confidential informants, the Supreme Court has recognized what has become known as the informer's privilege:

> What is usually referred to as the informer's privilege is in reality the Government's privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law. The purpose of the privilege is the furtherance and protection of the public interest in effective law enforcement. The privilege recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law-enforcement officials and, by preserving their anonymity, encourages them to perform that obligation.

Roviaro, 353 U.S. at 59 (citations omitted).

This privilege is limited by the requirement that criminal trials be fundamentally fair. Id. at 60. In other words, the informer's privilege must yield when the informant's identity is "relevant and helpful to the defense of an accused" or "essential to a fair determination of a cause." Id. at 60-61. This determination is subject to a case-by-case balancing of "the public interest in protecting the flow of information against the individual's right to prepare his defense." Id. at 62. In performing this balancing, the court should consider among other factors the charges, the potential defenses, and the significance of the informer's testimony. Id. The Sixth Circuit has held

12

that danger to the life of the informant is entitled to significant weight in the balance. United States v. Jackson, 990 F.2d 251, 255 (6th Cir. 1993).

To compel the disclosure of the identity of confidential informants, a defendant must do more than speculate that knowing that identity would be helpful to his or her defense. See United States v. Moore, 954 F.2d 379, 381 (6th Cir. 1992) (holding that "[m]ere invocation of [one's due process rights] does not automatically outweigh the public interest in protecting confidential informants"). "An informant must be disclosed only upon a showing by the defendant that disclosure is essential to a fair trial." Id. A court may require disclosure if it finds that the informant's provision of relevant testimony, which is material to the defense, is "reasonably probable." United States v. McManus, 560 F. 2d 747, 751 (6th Cir. 1977), cert. denied, 434 U.S. 1047 (1978). Once the defendant has made this initial showing, if the evidence reveals that "that it is reasonably probable that the informer can give relevant testimony, the burden should be on the Government to overcome this inference with evidence that the informer cannot supply information material to the defense." United States v. Eddings, 478 F.2d 67, 71 (6th Cir. 1973); see also United States v. Sharp, 778 F.2d 1182, 1187 (6th Cir. 1985), cert. denied, 475 U.S. 1030 (1986) (observing that the defendant bears the initial burden of showing that the informant's identity is relevant to his defense).

In the present case, the defendants argue that anyone who was present for any of the alleged conduct would have material information bearing on whether the defendants had the requisite intent under the statute, and thus, such information is material to the preparation of the defense. The defendants further argue that given the complexity of this case and the nature of the

allegations in the indictment, a full disclosure by the government of all persons sought by this motion is equally important.

In balancing the defendant's need for the informant's identity against the public interest in protecting the flow of information, courts have looked to the informant's degree of involvement in the charged offenses. Courts are more likely to require disclosure when the informant is a "key witness," who has arranged and participated in an illegal transaction, than when the informant merely gives officers a tip that proves helpful in securing a search warrant. United States v. Lloyd, 400 F.2d 414, 416 (6th Cir. 1968); Sharp, 778 F.2d at 1186 n.2 (noting that disclosure is usually required when an informant is an "active participant in the events underlying the defendant's potential criminal liability" and usually not required when the informant is a "mere tipster or introducer"); see, e.g., McManus, 560 F.2d at 751 (affirming the denial of disclosure when the informant was not a direct participant in the drug transaction).

The Court finds that there is nothing in the record to indicate that any unidentified confidential informants were involved in the drug transactions at issue. Additionally, there is nothing in the record to indicate that an informant was present at the time of the search leading to the arrests of Defendants Jeremy Robbins, Diane Robbins or Vairame Tedesco. See, e.g., Jackson, 990 F.2d at 255 (affirming denial of disclosure when the informant was not present at the time the defendant was arrested).

The defendants argue that anyone who was present for any of the alleged conduct would have material information regarding whether the defendant had the requisite intent under the statute. The Court finds the defendants' argument to be speculative and one that could be made with regard to any informant regardless of the informant's degree of involvement in the case. "Mere

14

conjecture or supposition about the possible relevancy of the informant's testimony is insufficient to warrant disclosure." Sharp, 778 F.2d at 1187. Although the informer's privilege is not absolute, disclosure of the informant's identity because it would potentially be a useful discovery device would obliterate the privilege altogether.

With respect to the defendants' request for the identities of persons who were present or participated in any of the alleged conduct on which the charged against this defendant are based, the Court has found no authority extending the limited disclosure permitted in Rovario to persons other than informants working for the government. The entire thrust of Rovario is to carve out an exception to the informer's privilege. The Court finds no basis for extending this exception to the informer's privilege to eyewitnesses or other persons not working for the government.

The Court finds that the defendants have failed to make a specific showing that disclosure of the identities of any confidential informants is material to their defense at trial. Moreover, the Court finds no basis for extending Rovario to require the disclosure of the identities of non-informant witnesses. Accordingly, the Motion for Disclosure of Identity of Persons Who Were Present or Participated [Doc. 69]; the Motion for Disclosure of Material Witnesses [Doc. 74]; the Motion for Disclosure of Informants and Operatives [Doc. 116]; the Motion for Disclosure of Identity of Persons Who Were Present or Participated in Any Charged Offense Conduct [Doc. 123]; and the Motion for Disclosure of Identity of Persons Who Were Present or Participated in Any Charged Offense Conduct [Doc. 128] are **DENIED**.

III.     **REQUEST FOR PRETRIAL DISCLOSURE OF RULE 404(B) EVIDENCE**

Defendant Tedesco has adopted [Doc. 166] the Request for Pretrial Disclosure of Rule 404(b) Evidence [Doc. 71] filed by Defendant Steve Shipley and the Motion for Pretrial Notice of Government's Intent to Use 404(b)-Type Evidence [Doc. 94] filed by Defendant Sidney Douglas Adams. Defendant Jeremy Robbins also moves for notice of any Rule 404(b) evidence that the government seeks to introduce at trial, [Doc. 94], and Defendants Tedesco and Diane Robbins join in this motion. [Docs. 151, 166].

In response [Docs. 182, 183, 189], the government agrees that it will provide reasonable notice one week in advance of trial, or during trial if the Court excuses pretrial notice, of the general nature of any Rule 404(b) evidence that it intends to introduce at trial.

The Order on Discovery and Scheduling provides that "the government shall provide reasonable notice in advance of trial," which is deemed to be seven calendar days before trial, "of the general nature of any Rule 404(b)-type evidence it intends to introduce at trial" unless otherwise ordered by the Court. [Doc. 19, para. I]. The defendants have provided no compelling need for an earlier disclosure, and the Court finds no reason to disturb the seven-day time frame provided for in the Order on Discovery and Scheduling. Accordingly, the Request for Pretrial Disclosure of Rule 404(b) Evidence [Doc. 71]; the Motion for Notice of Any Rule 404(b) Evidence the Government Seeks to Introduce at Trial [Doc. 94]; and the Motion for Pretrial Notice of Government's Intent to Use 404(b)-Type Evidence [Doc. 124] are **DENIED** in light of the fact that the Order on Discovery and Scheduling already adequately provides for pretrial notice of the government's intention to introduce Rule 404(b) evidence.

## IV.    REQUEST FOR NOTICE OF ELECTRONIC SURVEILLANCE

Defendants Vairame Tedesco [Doc. 166], Diane Robbins [Doc. 167], and Jeremy Robbins [Doc. 175] have adopted the Request for Notice of Electronic Surveillance [Doc. 72] filed by Defendant Steve Shipley. The defendants request that the government notify them whether there has been any electronic surveillance of any type, including wiretapping, conducted in connection with the investigation of this case, and if there has been any such surveillance, that the government provide the defendants with the contents of all such intercepted communications.

The government responds [Doc. 182] that the defendants were not subject to electronic surveillance as it pertains to or is defined in Title 18, United States Code, Section 2510, et seq. As the defendants were not subject to electronic surveillance, the Request for Notice of Electronic Surveillance [Doc. 72] is **DENIED AS MOOT**.


## V. MOTION FOR PRETRIAL PRODUCTION OF WITNESS STATEMENTS

Defendants Tedesco and Jeremy Robbins have adopted [Docs. 166, 175] the Motion for Pretrial Production of Witness Statements [Doc. 73] filed by Defendant Steve Shipley.

The government opposes this motion, arguing that there is no requirement in 18 U.S.C. § 3500, Fed. R. Crim. P. 26.2, or the case authorities of the Sixth Circuit to provide relevant pertinent statements of a witness or possible witness before trial. The government states that it will provide such materials in accordance with the requirements of 18 U.S.C. § 3500 and Fed. R. Crim. P. 26.2, and in a manner that will not inhibit the progress of a particular proceeding to which these materials must be produced. [Doc. 182].

The Court agrees with the government that there is no requirement to provide such statements prior to trial. A criminal defendant is not entitled to discover the statements of

government witnesses prior to trial, with the exception of expert witnesses. See 18 U.S.C. § 3500; Fed. R. Crim. P. 26.2; Fed. R. Crim. P. 16. Accordingly, the Motion for Pretrial Production of Witness Statements [Doc. 73] is **DENIED**.


## VI. MOTIONS FOR DISCLOSURE OF <u>BRADY</u> MATERIALS

Defendants Vairame Tedesco [Doc. 166] and Jeremy Robbins [Doc. 175] have adopted the Motion to Require the Government to Reveal Any Agreements With or Concessions to Witnesses That May Influence Their Testimony [Doc. 75] filed by Defendant Steve Shipley. Defendant Tedesco has also adopted [Doc. 166] the Motion for Disclosure of Impeaching Information [Doc. 76] filed by Defendant Steve Shipley and the Motion to Compel Disclosure of the Existence and Substance of Promises of Immunity, Leniency, or Preferred Treatment [Doc. 142] filed by Defendant William S. Denton, III. Finally, both Defendants Tedesco [Doc. 166] and Diane Robbins [Doc. 151] adopt the following motions filed by Jeremy Robbins: (1) Motion for Disclosure of Impeaching and Exculpatory Evidence [Doc. 82]; (2) Request for Disclosure of Exculpatory Evidence [Doc. 117]; and (3) Motion to Compel Pre-Trial Disclosure of Non-<u>Jencks</u> Exculpatory Evidence [Doc. 119]. All of these motions seek an Order requiring the government to disclose impeaching and/or exculpatory evidence at a reasonable time before trial pursuant to <u>Brady v. Maryland</u>, 373 U.S. 83 (1963).

The government responds [Docs. 182, 183, 185] that it recognizes its duties under <u>Brady</u> and <u>Giglio v. United States</u>, 405 U.S. 150 (1972), and that if there is or has been exculpatory information or impeachment information developed during the investigation in this case, it will be turned over the defense.

The Court's Order on Discovery and Scheduling [Doc. 19 para. E] provides as follows:

> The government shall reveal to the defendant and permit inspection and copying of all information and material known to the government which may be favorable to the defendant on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), United States v. Agurs, 427 U.S. 97 (1976) (exculpatory evidence), and United States v. Bagley, 473 U.S. 667 (1985) (impeachment evidence). Timing of such disclosure is governed by United States v. Presser, 844 F.2d 1275 (6th Cir. 1988).

The Court finds that it has already ordered the government to turn over materials within the scope of Brady. Furthermore, the government has acknowledged its duty to disclose exculpatory and impeachment evidence, and states that such information will be turned over to the defense, if such information exists. Accordingly, the Court finds that no further ruling is necessary.

For these reasons, the Motion to Require the Government to Reveal Any Agreements With or Concessions to Witnesses That May Influence Their Testimony [Doc. 75]; the Motion for Disclosure of Impeaching Information [Doc. 76]; the Motion for Disclosure of Impeaching and Exculpatory Evidence [Doc. 82]; the Request for Disclosure of Exculpatory Evidence [Doc. 117]; the Motion to Compel Pre-Trial Disclosure of Non-Jencks Exculpatory Evidence [Doc. 119]; and the Motion to Compel Disclosure of the Existence and Substance of Promises of Immunity, Leniency, or Preferred Treatment [Doc. 142] are **DENIED AS MOOT**.

## VII.    MOTIONS FOR BILL OF PARTICULARS

Defendant Tedesco has adopted [Doc. 166] the Motions for Bill of Particulars filed by Defendant Shipley [Doc. 77], Defendant Seaton [Doc. 102]; Defendant Sidney Douglas Adams

19

[Doc. 103]; and Defendant Denton [Doc. 120]. Defendant Tedesco further has adopted the Second

Motion for Bill of Particulars [Doc. 203] filed by Defendant Sidney Douglas Adams. Defendants

Jeremy Robbins [Doc. 213] and Tedesco [Doc. 215] have adopted Defendant Shipley's Second

Motion for Bill of Particulars [Doc. 206]. Defendants Diane Robbins [Doc. 151] and Tedesco [Doc.

166] join Defendant Jeremy Robbins in his Motion for Bill of Particulars [Doc. 87].

A.      **Defendant Shipley's Motion for Bill of Particulars**

By adopting Defendant Shipley's motion [Doc. 77], Defendant Tedesco requests the

following information regarding Count One:

(1) All persons with whom the defendant acted in concert during the
course of the alleged conspiracy, and persons otherwise present at all
relevant conversations or transactions;

(2) The role of the defendant in the alleged conspiracy;

(3) The dollar amount the defendant received from his or her
activities and the dates such proceeds were received;

(4) The exact date the defendant is alleged to have entered the
conspiracy;

(5) The persons with whom the defendant agreed to distribute
marijuana;
(6) The approximate dates of any meetings at which the government
contends the defendant joined the conspiracy, the place where this
meeting allegedly occurred; and the persons who witnessed it;

(7) Any specific receipt or distribution of a controlled substance or
use of a weapon the defendant is alleged to have committed in
furtherance of the conspiracy, the dates, times and places of said
occurrences, and the witnesses thereto;

(8) The amount of marijuana the defendant is alleged to have
conspired to distribute;

(9) The identity of any unindicted co-conspirators known to the government and not made known to the grand jury that indicted the defendant; and

(10) The locations denominated as "and elsewhere" in Count One with reference to where the acts alleged to have been committed by the defendant occurred.[3]

**B.     Defendant Jeremy Robbins' Motion for Bill of Particulars**

Defendant Jeremy Robbins moves [Doc. 87] pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure for a bill of particulars as to the following:

(1) Identify each and every unindicted co-conspirator with whom the government contends that the defendant "did conspire, confederate, and agree" to distribute, and to possess with intent to distribute, marijuana, and particularize his or her participation in said conspiracy, including the dates of his or her involvement;

(2) Particularize the nature of any alleged relationship between the defendant and each and every person identified in response to Request No. 1 above;

(3) Particularize the dates that the defendant "did conspire, confederate, and agree" with any other persons to distribute, and to possess with intent to distribute, marijuana;

(4) Particularize how and in what manner the defendant "did conspire, confederate, and agree" with the co-defendants, and other persons to distribute, and to possess with intent to distribute, marijuana, whether by formal agreement, signed document, course of conduct or otherwise, including the act or acts alleged to have formed the basis of such conspiracy, confederation or agreement;

---

[3]Defendant Shipley's motion also seeks particulars with respect to Count Four of the Superseding Indictment [Doc. 23], which charges Jeremy Robbins, Diane Robbins, and Steve Shipley with possession of marijuana with intent to distribute.  As this motion has only been adopted by Defendant Tedesco, and she is not charged in this particular count, the Court need not address this portion of the motion.

(5) Particularize the precise location of each and every act described in response to Request No. 4 and the name of each and every person other than the defendant involved in each act;

(6) Particularize the precise amount of marijuana associated with each and every act described in response to Request No. 4;

(7) Particularize the nature of the alleged relationship between the defendant and each and every person identified in response to Request No. 7 [sic] above; and

(8) Particularize the precise location of each and every act described in response to Request No. 10 [sic] and the name of each and every person other than the defendant involved in each act.

The defendant submits that the particulars requested in this case are not extensive or of a "laundry-list" variety, and that only with the requested particulars can the defendant be informed of the precise charges against him, so as to allow him to adequately prepare his defense, avoid unfair surprise at trial, and be protected from being placed in double jeopardy. Diane Robbins and Vairame Tedesco join in this motion. [Docs. 151, 166].

**C.** **Defendant Andrew Seaton's Motion for a Bill of Particulars**

Defendant Tedesco has adopted [Doc. 166] the Motion for a Bill of Particulars [Doc. 102] filed by Defendant Seaton, which seeks the following information with respect to Count One of the Indictment: the identities of the unindicted co-conspirators with whom the government alleges the defendant had direct contact in the alleged conspiracy, as well as the dates and specific locations of all acts the defendant is personally alleged to have taken in furtherance of the alleged conspiracy.[4]

**D.** **Defendant Sidney Douglas Adams' Motion for Bill of Particulars**

---

[4]Defendant Seaton's motion also seeks particulars with respect to Count Five of the Superseding Indictment [Doc. 23], which is a charge addressed only to Defendant Seaton. Accordingly, the Court need not address this count with respect to Defendant Tedesco.

Defendant Tedesco has also adopted [Doc. 166] the Motion for Bill of Particulars filed by Defendant Adams, which seeks the following information:

(1) The identities of every unindicted co-conspirator with whom the government contends that the defendant did "conspire, confederate, and agree" to distribute, and to possess with intent to distribute, marijuana, and details regarding his or her participation in the conspiracy, including the dates of his or her involvement;

(2) The nature of any alleged relationship between the defendant and each and every unindicted co-conspirator;

(3) The dates that the defendant "did conspire, confederate, and agree" with any other persons to distribute, and to possess with intent to distribute, marijuana;

(4) The manner in which the defendant "did conspire, confederate, and agree" with other persons to distribute, and to possess with intent to distribute, marijuana, whether by formal agreement, signed document, course of conduct or otherwise, including the act or acts alleged to have formed the basis of such conspiracy, confederation or agreement;

(5) The precise location of each and every act described in response to Request No. 4, and the name of each and every person other than the defendant involved in each act;

(6) The amount of marijuana associated with each and every act described in response to Request No. 4.[5]

**E.      Defendant William S. Denton, III's Motion for Bill of Particulars**

---

[5]Defendant Adams' motion also seeks particulars regarding how certain items of Adams' property constitute or were derived from proceeds obtained as a result of the conspiracy alleged in Count One and/or were used to commit or facilitate the commission of said conspiracy. As this particular request is directed only to toward Adams' property and not the property of Defendant Tedesco, the Court need not address this part of the motion.

23

Defendant Tedesco has also adopted [Doc. 166] the Motion for Bill of Particulars [Doc. 120] filed by Defendant Denton, which generally requests that the government particularize the allegations set forth in the indictment.

### F. Defendant Sidney Douglas Adams' Second Motion for Bill of Particulars

Defendant Tedesco has adopted [Doc. 166] the Second Motion for Bill of Particulars [Doc. 203] filed by Defendant Adams, which seeks the following information:

(1) The financial transactions that the defendant conducted or attempted to conduct with the intent to promote the manufacture, distribution and possession of marijuana and/or conceal and disguise the nature, location, source, ownership and control of the proceeds of the manufacture, distribution and possession of marijuana as alleged in Count Two;

(2) The dates of each and every financial transaction described above;

(3) The amount of proceeds involved in each and every financial transaction described above;

(4) The manner in which these financial transactions promoted, in whole or in part, the manufacture, distribution and possession of marijuana; and
(5) The manner in which these financial transactions were designed, in whole or in part, to conceal or disguise the nature of, location, source, ownership and control of the proceeds.[6]

### G. Defendant Steve Shipley's Second Motion for Bill of Particulars

---

[6]Defendant Adams' motion also seeks particulars as to how certain items of his property were involved in a violation of 18 U.S.C. § 1956 or were traceable thereto. As the items belong to Defendant Adams, and not Defendant Tedesco, the Court need not address this portion of the motion here.

Finally, Defendants Jeremy Robbins [Doc. 213] and Tedesco [Doc. 215] have adopted Defendant Shipley's Second Motion for Bill of Particulars, which seeks the following information with respect to Count Two of the Second Superseding Indictment:

(1) The financial transactions that the defendant conducted or attempted to conduct with the intent to promote the manufacture, distribution and possession of marijuana and/or conceal and disguise the nature, location, source ownership and control of the proceeds of the manufacture, distribution and possession of marijuana;

(2) The dates of each and every financial transaction described above;

(3) The amount of proceeds involved in each and every financial transaction described above;

(4) The manner in which the financial transactions described above promoted, in whole or in part, the manufacture, distribution and possession of marijuana;

(5) The manner in which these financial transactions were designed, in whole or in part, to conceal or disguise the nature, location, source, ownership and control of the proceeds; and

(6) How the items of property listed in Count Two of the Second Superseding Indictment were involved in a violation of 18 U.S.C. § 1956 or are traceable thereto.

## H.     The Government's Response

The government opposes [Docs. 182, 183, 185, 188, 189, 219, 220] the defendants' motions, arguing that while the defendants are entitled to the pretrial details of the charges against them, they are not entitled to details of the evidence against them beyond the provisions of the rules of discovery.

## I.     Analysis

Count One of the Superseding Indictment alleges that

25

> beginning in or about January, 2000, up to and including on or about March 30, 2005, in the Eastern District of Tennessee and elsewhere, the defendants, STEVE SHIPLEY, JEREMY ROBBINS, DIANE SHANDS ROBBINS, WILLIAM S. DENTON, III, VAIRAME TEDESCO, ERIC WATSON, ANDREW SEATON, and SIDNEY DOUGLAS ADAMS, did knowingly, intentionally, and without authority, combine, conspire, confederate, and agree with persons both known and unknown to the grand jury to commit violations of 21 U.S.C. § 841(a)(1), that is, the distribution, and possession with intent to distribute, in excess of 1,000 kilograms of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance.

[Doc. 23]. On August 17, 2005, the government filed a Second Superseding Indictment, which alleges that

> beginning on or about January 1, 1998, up to and including on or about March 30, 2005, in the Eastern District of Tennessee and elsewhere, the defendants, STEVE SHIPLEY, JEREMY ROBBINS, DIANE SHANDS ROBBINS, VAIRAME TEDESCO, ANDREW SEATON, SIDNEY DOUGLAS ADAMS, and SHEILA ADAMS, did knowingly, intentionally, and without authority, combine, conspire, confederate, and agree with persons both known and unknown to the grand jury to commit violations of 21 U.S.C. § 841(a)(1), that is, the manufacture, distribution, and possession with intent to distribute, in excess of 1,000 kilograms of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance, and the distribution, and possession with intent to distribute, hydrocodone, a Schedule II controlled substance.

[Doc. 191]. The Second Superseding Indictment goes on to allege the "methods and means" of the

conspiracy to include knowing and intentional acts of (1) traveling and sending co-conspirators from

East Tennessee to Arizona, New Mexico, California, and elsewhere to obtain quantities of

marijuana, which was then transported back to East Tennessee; (2) distributing and possessing with

intent to distribute marijuana to persons in East Tennessee and elsewhere; (3) manufacturing and

cultivating marijuana with the intent to distribute it to persons in East Tennessee and elsewhere; (4)

obtaining, distributing, and possessing with intent to distribute hydrocodone to persons in East

26

Tennessee and elsewhere; (5) using, carrying, and possessing firearms for purposes of intimidation and protection for the distribution of marijuana and hydrocodone; (6) possessing large amounts of United States currency and transporting and/or transmitting currency which was proceeds from the illegal distribution of marijuana and hydrocodone in order to promote the carrying on of the unlawful manufacture and distribution of marijuana and distribution of hydrocodone; and (7) purchasing personal property, real estate property, and commercial businesses in co-conspirators' names or other persons' names in order to conceal and disguise the nature of, the location, the source of ownership, and the control of the proceeds of the unlawful manufacture and distribution of marijuana and distribution of hydrocodone. [Doc. 191].

Count Two of the Second Superseding Indictment alleges that the defendants and others known and unknown to the Grand Jury conspired to commit the following acts:

> knowing that the property involved in financial transactions represented the proceeds of some form of unlawful activity, to conduct and attempt to conduct such financial transactions with intent to promote the carrying on of a specified unlawful activity, and the concealing and disguising the nature of, the location, source, ownership, and control of the proceeds of a specified unlawful activity, that is, the manufacture of, distribution of, and possession of with intent to distribute marijuana, a Schedule I controlled substance, and the distribution of, and possession of with intent to distribute, hydrocodone, a Schedule II controlled substance, in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i) and (a)(1)(B)(i).

[Doc. 191].

Federal Rule of Criminal Procedure 7(f) states that

> [t]he court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 10 days after arraignment or at a later time if the court permits. The government may amend a bill of particulars subject to such conditions as justice requires.

Fed. R. Crim. P. 7(f). "A bill of particulars is meant to be used as a tool to minimize surprise and assist defendant in obtaining the information needed to prepare a defense and to preclude a second prosecution for the same crimes. It is not meant as a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial." United States v. Salisbury, 983 F.2d 1369, 1375 (6th Cir. 1993) (citations omitted). The granting of a bill of particulars is within the court's discretion. See id. (holding that the appellate court reviews the denial of a bill of particulars for an abuse of discretion). The level of detail in the indictment can be a basis for denying the motion for a bill of particulars. Id. Additionally, "a defendant is not entitled to a bill of particulars with respect to information which is available through other sources." United States v. Paulino, 935 F.2d 739, 750 (6th Cir. 1991), superseded on other grounds by statute, United States v. Caseslorente, 2000 Fed. App. 0240P (6th Cir. July 20, 2000) (on sentencing issue).

The defendants seek the identity of every person, including unindicted co-conspirators, involved in the acts that are alleged to have formed the basis of such conspiracy, confederation or agreement to distribute, and to possess with intent to distribute, marijuana. The defendants further ask the government to particularize each person's participation in said conspiracy, including the dates of his or her involvement. The defendants also seek details of the nature of any alleged relationship between each defendant and each and every person identified in response to these requests.

The Supreme Court has recognized that "it is not uncommon for the Government to be required to disclose the names of some potential witnesses in a bill of particulars, where this information is necessary or useful in the defendant's preparation for trial." Will v. United States, 389 U.S. 90, 99 (1967). The Sixth Circuit has adopted a much more restrictive view and held that the

government is not required to furnish the names of co-conspirators or other persons present when the defendant allegedly participated in the conspiracy:

> A defendant may be indicted and convicted despite the names of his co-conspirators remaining unknown, as long as the government presents evidence to establish an agreement between two or more persons, a prerequisite to obtaining a conspiracy conviction. As long as the indictment is valid, contains the elements of the offense, and gives notice to the defendant of the charges against him, it is not essential that a conspirator know all other conspirators. "It is the grand jury's statement of the 'existence of the conspiracy agreement rather than the identity of those who agree' which places the defendant on notice of the charge he must be prepared to meet."

United States v. Rey, 923 F.2d 1217, 1222 (6th Cir. 1991) (citations omitted) (quoting United States v. Piccolo, 723 F.2d 1234, 1239 (6th Cir.1983), cert. denied, 466 U.S. 970 (1984) (quoting United States v. Davis, 679 F.2d 845, 851 (11th Cir.1982))); see also United States v. Ferguson, 460 F. Supp. 1, 4 (E.D. Tenn. 1977) (noting the departure of that court and recent case law from the Supreme Court's liberal construction in Will). Accordingly, the government is not required to produce the names of any unindicted co-conspirators or other persons present when the defendants participated in the conspiracy. Nor is the government obligated to provide details of the nature of the acts by these persons or the nature of any alleged relationship between the defendant and any unindicted co-conspirators. "[A] defendant is not entitled to discover all the overt acts that might be proven at trial." Salisbury, 983 F.2d at 1375.

Next, the defendants seek details regarding the manner in which they allegedly conspired with others to distribute and possess marijuana, including the acts alleged to have formed the basis of such conspiracy; the location of each specific act; and the dates on which each defendant conspired with others. The Court finds the defendants' requests to be in the nature of a request for general discovery. The Second Superseding Indictment alleges that the conspiracy took place from

on or about January 1, 1998 to on or about March 30, 2005, and that it took place in the Eastern District of Tennessee. The Court finds that the indictment is not so vague that the defendants cannot discern the nature of the charges against them or the time frame in which the alleged acts occurred. See United States v. Carter, 1997 WL 528465, at *2 (6th Cir. Aug. 26, 1997), cert. denied, 522 U.S. 1083 (1998) (affirming denial of motion of bill of particulars requesting specific date conspiracy began and each person and location involved in the conspiracy).

The defendants also seek the precise amount of marijuana associated with each and every act alleged to have formed the basis of the alleged conspiracy. The Court finds the defendants' request for the specific amounts involved in each transaction to be akin to a request for overt acts or general discovery to which they are not entitled. The indictment alleges a total amount of marijuana and hydrocodone involved in the conspiracy as a whole. The Court finds that the indictment is sufficiently specific on the quantities of marijuana and hydrocodone involved for the defendants to know how much the government seeks to prove and their potential exposure for sentencing.

With respect to Count Two, the Court finds the defendants' requests to be in the nature of a request for general discovery. A bill of particulars "is not meant as a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial." Salisbury, 983 F.2d at 1375.

For the foregoing reasons, the Court finds that Counts One and Two in the Second Superseding Indictment as charged sufficiently apprises the defendants of the charges that they are facing to permit them to prepare their defense, to avoid surprise at trial, and to protect against a double jeopardy violation. Accordingly, the Motions for a Bill of Particulars [Docs. 77, 87, 102, 103, 120, 203, 206] are **DENIED**.

## VIII. MOTION FOR PRETRIAL HEARING ON EXISTENCE OF CONSPIRACY

Defendant Tedesco has adopted [Doc. 166] the Motion for Pretrial Hearing on the Existence of a Conspiratorial Agreement and the Connection Thereto of Defendant [Doc. 81] filed by Defendant Shipley; Defendant Jeremy Robbins' Motion for Hearing to Determine Existence of Conspiracy [Doc. 112][7]; and the Motion for Conspiracy Hearing to Determine the Existence of a Conspiracy [Doc. 126] filed by Defendant Denton. Both Defendants Tedesco [Doc. 166] and Diane Robbins [Doc. 167] have adopted the Motion for Pre-Trial Hearing to Determine Admissibility of Statements of Alleged Co-Conspirators [Doc. 134] filed by Defendant Denton.

The government opposes the defendants' motions [Docs. 182, 183, 185], arguing that the Sixth Circuit does not require a pretrial hearing to determine the admissibility of co-conspirators' statements.

With regard to the determination of the existence of the conspiracy as a requirement of introducing a co-conspirator's statement, the Sixth Circuit has approved three potential procedures for resolving this issue: (1) holding a pretrial hearing, (2) requiring at trial that the government present evidence of the conspiracy before presenting the co-conspirator's statement, and (3) allowing the government to present the statement before proving the conspiracy at trial but instructing the jury that the government must prove the conspiracy before the jury can consider the statement. United States v. Vinson, 606 F.2d 149, 152-53 (6th Cir. 1979), cert. denied, 444 U.S. 1074 (1980). The Court notes that it is the general practice in this district to use the third of these options. In any event, the defendants' motions seek a pre-trial determination of admissibility, which the Sixth Circuit does not require the trial court to do. Accordingly, the Motion for Pretrial Hearing

---

[7]Defendant Jeremy Robbins withdrew this motion at the motion hearing on March 15, 2006. See Doc. 259 (denying this motion as moot as to Defendant Jeremy Robbins).

on the Existence of a Conspiratorial Agreement and the Connection Thereto of Defendant [Doc. 81]; the Motion for Hearing to Determine Existence of Conspiracy [Doc. 112]; the Motion for Conspiracy Hearing to Determine the Existence of a Conspiracy [Doc. 126]; and the Motion for Pre-Trial Hearing to Determine Admissibility of Statements of Alleged Co-Conspirators [Doc. 134] are **DENIED**. The determination of the existence of the conspiracy and the admissibility of any co-conspirators' statements shall be resolved by the District Court at trial.

## IX. MOTION FOR DISCLOSURE OF ALL STATEMENTS WHICH THE GOVERNMENT WILL SEEK TO ATTRIBUTE TO THE DEFENDANT

Defendants Tedesco, Diane Robbins, and Jeremy Robbins have adopted [Docs. 166, 167, 175] the Motion for Disclosure of All Statements Which the Government Will Seek to Attribute to the Defendant [Doc. 84] filed by Defendant Shipley.

Rule 16(a)(1)(A) of the Federal Rules of Criminal Procedure requires the government to disclose, upon the defendant's request, "the substance of any relevant oral statement made by the defendant, before or after arrest, in response to interrogation by a person the defendant knew was a government agent if the government intends to use the statement at trial." The government responds [Doc. 182] to the defendants' motion by stating that it has complied with and will continue to comply with its discovery obligations pursuant to Fed. R. Crim. P. 16(a)(1)(A). Based upon the government's representations, the Court finds that the Motion for Disclosure of All Statements Which the Government Will Seek to Attribute to the Defendant [Doc. 84] is moot, and it is therefore **DENIED AS MOOT**.

## X. MOTION FOR LEAVE TO FILE FURTHER MOTIONS

Defendant Jeremy Robbins moves for permission to file further, unspecified motions outside the June 8, 2005 deadline for filing motions. [Doc. 91]. Defendant Diane Robbins joins in this motion. [Doc. 151]. Defendant Jeremy Robbins has also filed a Renewed Motion for Leave to File Further Motions [Doc. 209], which Defendant Tedesco also joins [Doc. 215]. Defendant Tedesco has also adopted [Doc. 166] the Motion for Leave to File Additional Motions [Doc. 135] filed by Defendant Sidney Douglas Adams.

The government opposes an open-ended leave to file further motions, and requests that in the future, pretrial motions be granted only upon leave of the Court to so file. [Docs. 183, 189, 217].

Absent any showing of the type of motion that the defendants desire to file or of any specific need to file such motions beyond that which have already been filed, the Motion for Leave to File Further Motions [Doc. 91]; the Motion for Leave to File Additional Motions [Doc. 135]; and the Renewed Motion for Leave to File Further Motions [Doc. 209] are **DENIED**. If any of the defendants desire to file a specific motion in the future, he or she may seek leave of Court to file that particular motion.

XI. **MOTIONS FOR SEVERANCE**

Defendants Jeremy Robbins and Diane Robbins request a severance in this case from each other and their co-defendants. [Doc. 136]. The other remaining co-defendant, Vairame Tedesco, joins in this motion [Doc. 166]. Defendant Tedesco has also adopted [Doc. 166] the Motions for Severance of Defendants [Docs. 99, 137] filed by Defendants Seaton and Denton,

33

respectively. Defendants Tedesco [Doc. 166] and Jeremy Robbins [Doc. 175] also join the Motion for Severance of Defendants [Doc. 148], which appears to be a duplicate filing of Doc. 137.

As grounds for severance, the defendants argue that the government has disclosed statements made by Diane Robbins, Jeremy Robbins, and Steve Shipley, which defense counsel believes the government will use in their case-in-chief. The defendants contend that the use of co-defendants' statements against them would result in unfair prejudice and in a violation of their right to confrontation as guaranteed by the United States Constitution and Bruton v. United States, 391 U.S. 123 (1968).

The government opposes the defendants' motions, arguing that the defendants have failed to show substantial prejudice to justify severance in this case. [Doc. 183, 185, 188].

Rule 8(b) of the Federal Rules of Criminal Procedure provides that defendants may be charged in the same indictment "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." It is well-settled that absent a serious risk of compromise to a specific trial right, defendants who are indicted together should be tried together. United States v. Cobleigh, 75 F.3d 242, 247 (6th Cir. 1996). Defendants are not entitled to severance simply because the evidence against one defendant is "far more damaging" than the evidence against another defendant. United States v. Causey, 834 F.2d 1277, 1288 (6th Cir. 1987), cert. denied, 486 U.S. 1034 (1988). Nor is severance appropriate merely because the likelihood of acquittal would be greater if severance were granted. United States v. DeFranco, 30 F.3d 664, 669-70 (6th Cir.), cert. denied, 513 U.S. 942 (1994). In order to be entitled to a severance, a defendant must show "substantial," "undue," or "compelling" prejudice. Id.

The Supreme Court has held that the admission in a joint trial of a co-defendant's confession that also inculpates the defendant violates the Confrontation Clause, even if the trial court gives a limiting instruction directing the jury to consider the confession only with respect to the confessing co-defendant. Bruton, 391 U.S. at 127. In Richardson v. Marsh, 481 U.S. 200, 208 (1987), the Court limited Bruton by upholding the introduction of a co-defendant's statement, which was not facially incriminating to the defendant, even though the co-defendant's statement became incriminating to the defendant when linked to other evidence presented at trial. "[T]he Confrontation Clause is not violated by the admission of a non-testifying co-defendant's confession with a proper limiting instruction when, . . . the confession is redacted to eliminate not only the defendant's name, but any reference to his or her existence." Id. at 211.

Finally, the Court again refined its holding in Bruton in Gray v. Maryland, 523 U.S. 185, 192 (1998), in which it held that redacting a co-defendant's confession by replacing the defendant's name with a blank or the term "deleted" would still violate the defendant's constitutional rights. "[R]edactions that replace a proper name with an obvious blank, the word 'delete," a symbol, or similarly notify the jury that a name has been deleted are similar enough to Bruton's unredacted confessions as to warrant the same legal results." Id. at 195. When a statement is redacted using blanks, "deleted," or other symbols, the incrimination to the objecting defendant "does not depend, in any special way, upon the other evidence introduced in the case." Id. at 197.

At the evidentiary hearing held on March 13, 14, and 15, 2006, the government introduced into evidence investigation reports summarizing the statements of Diane Robbins [Ex. 21], Jeremy Robbins [Ex. 22], and Steve Shipley [Ex. 44]. The Report of Investigation [Doc. 21] summarizing the statements made by Diane Robbins to DTF Agents Joyner and Seals on March 4,

2005, contains statements by Diane Robbins in reference to Jeremy Robbins, but not as to Vairame Tedesco. The Court finds that any <u>Bruton</u> issue created by these statements, however, can be remedied by the redaction of the report so as to eliminate any direct or indirect reference to Jeremy Robbins.

The Report of Investigation [Doc. 22] summarizing the post-arrest statement of Jeremy Robbins to DEA Agent Lewis makes no reference to Diane Robbins. With respect to co-defendant Tedesco, Jeremy Robbins recited the names, locations of their residence, and phone numbers of several customers, as well as the quantity of marijuana they normally purchased. Included in this list of customers is the name and other identifying information of Defendant Tedesco. Any <u>Bruton</u> issue can be eliminated, however, by the redaction of Defendant Tedesco's name and other identifying information from Jeremy Robbins' statement.

The Report of Investigation [Doc. 44] summarizing Steve Shipley's post-arrest statement contains references to Defendant Jeremy Robbins and Defendant Diane Robbins. However, Defendant Shipley has been scheduled to enter a change of plea and will therefore not be tried with these two defendants. Shipley's post-arrest statements do not constitute statements of a co-conspirator during the course and in furtherance of the conspiracy, and therefore would be inadmissible hearsay. <u>See</u> Fed. R. Evid. 801(d)(2).

The Court finds that the statements of Jeremy Robbins and Diane Robbins, as redacted, do not violate the defendants' confrontation right. Because the statements can be redacted, the Court finds no "substantial," "undue" or "compelling" prejudice to the defendants and thus no compelling reason to sever the defendants Jeremy Robbins, Diane Robbins and Vairame Tedesco

from each other for trial.[8]  Accordingly, the Motions for Severance of Defendants [Docs. 99. 137,

148] and the Joint Motion to Sever [Doc. 136] are **DENIED**.


### XII.  MOTIONS FOR DISCLOSURE OF EVIDENCE ARGUABLY SUBJECT TO SUPPRESSION

Defendant Jeremy Robbins moves pursuant to Rule 12(b)(4)(B) of the Federal Rules

of Criminal Procedure for evidence that the government intends to use in its case-in-chief at trial or

that would otherwise be arguably subject to a suppression motion under Rule 12(b)(3)(C).  [Doc.

106].  Diane Robbins and Vairame Tedesco join in this motion.  [Docs. 151, 166].  Defendant

Tedesco has also adopted [Doc. 166] the Motion for Pretrial Notice of Government's Intent to Use

Evidence [Doc. 122] filed by Defendant Sidney Douglas Adams and the Motion for Notice by the

Government of Its Intention to Use Evidence Arguably Subject to Suppression [Doc. 132] filed by

Defendant Denton.  These motions also seek written notice of any evidence the government intends

to use in its case-in-chief at trial.

The government responds [Doc. 183, 185, 189] that the evidence to which the

defendants are entitled pursuant to Fed. R. Crim. P. 16 has either been forwarded to the defendants

or the defendants have been made aware that the government would make it available to them.  The

government further states that it will comply with the Court's standing order [Doc. 19] to forward

discovery to the defendants as soon as it becomes available.

---

[8]Of course, if either Jeremy Robbins or Diane Robbins decide to testify at trial, then the government may introduce that defendant's statement in full, because counsel may then cross-examine the defendant about the statement.  See Hodges v. Rose, 570 F.2d 643, 646 (6th Cir.), cert. denied, 436 U.S. 909 (1978).

37

Based upon the government's representation that all evidence to which the defendants are entitled pursuant to Fed. R. Crim. P. 16 has been produced and/or made available to the defendants, the Court finds that the Motion for Evidence Arguably Subject to Suppression Under Rule 12(b)(4)(B) [Doc. 106]; the Motion for Pretrial Notice of Government's Intent to Use Evidence [Doc. 122]; and the Motion for Notice by the Government of Its Intention to Use Evidence Arguably Subject to Suppression [Doc. 132] are moot and are therefore **DENIED AS MOOT**.

## XIII.    MOTION FOR ROUGH NOTES

Defendant Jeremy Robbins moves [Doc. 108] for an Order requiring all agents who investigated the events resulting in the instant prosecution be required to retain and preserve all rough notes taken as a part of their investigation. Defendants Tedesco and Diane Robbins [Docs. 151, 166] join in this motion. Additionally, Defendant Tedesco has adopted the Motion for Agents, Officers, and Employees to Retain Rough Notes [Doc. 109] filed by Defendant Sidney Douglas Adams.

Pursuant to the Order on Discovery and Scheduling, the government is already required to advise its agents and officers involved in the case to preserve all rough notes. [Doc. 19 para. H]. Moreover, the government states [Docs. 183, 189] that it will advise all of the agents in the case to retain their rough notes. Accordingly, the Motion for Agents to Retain Rough Notes [Doc. 108] and the Motion for Agents, Officers and Employees to Retain Rough Notes [Doc. 109] are **DENIED AS MOOT**.

## XIV.    MOTION FOR AGENTS TO PROVIDE EVIDENCE TO PROSECUTOR

Defendants Tedesco, Diane Robbins, and Jeremy Robbins [Docs. 166, 167, 175] have adopted the Motion for Agents, Officers and Employees to Disclose and Provide Evidence in Their Possession, Custody or Control to the Prosecuting Attorney [Doc. 113] filed by Defendant Sidney Douglas Adams.

The government responds [Doc. 189] that the defendants' demand for production of such materials is essentially a demand for additional discovery not authorized by Fed. R. Crim. P. 16, Brady, Giglio, Presser, or 18 U.S.C. § 3500. The government further states that it fully recognizes its duty to provide discovery pursuant to these authorities, as well as the Court's Order on Discovery and Scheduling.

The Court finds that the United States Attorney is already obligated to learn of any evidence favorable to the defendants which is known to the government, including the police. See Kyles v. Whitley, 514 U.S. 419, 438 (1995). Accordingly, the Motion for Agents, Officers and Employees to Disclose and Provide Evidence in Their Possession, Custody or Control to the Prosecuting Attorney [Doc. 113] is **DENIED**.


## XV.    REQUEST OF RULE 16(a)(1)(E) EXPERT INFORMATION

Defendant Jeremy Robbins requests any and all expert information to which he is entitled pursuant to Rule 16(a)(1)(E) of the Federal Rules of Criminal Procedure. [Doc. 121]. Diane Robbins and Vairame Tedesco join in this motion. [Docs. 151, 166]. Defendants Tedesco [Doc. 166] and Jeremy Robbins [Doc. 175] have also adopted the Motion for Pretrial Written Summary of Expert Testimony [Doc. 131] filed by Defendant Sidney Douglas Adams.

Specifically, the defendants request that if the United States intends to use Special Agent Lewis in trial in this case with regard to his alleged expertise of drug related crimes or activity, that the United States notify the defendant at its earliest opportunity. The defendants further request that the government also provide at its earliest opportunity, the names, expertise, a written summary of testimony, background information, and any other information regarding experts it intends to use under Rule 702, 703, and 705 of the Federal Rules of Evidence, and that the United States provide early production of these experts in order to resolve issues of expert admissibility prior to trial.

The government responds [Doc. 183, 189] that it will comply with the Court's standing Order [Doc. 19] on discovery.

As acknowledged by the defendants in their motion, Paragraph L of the Order on Discovery and Scheduling [Doc. 19] requires the government to provide expert information at least three (3) weeks before trial. The defendants have failed to establish good cause for modifying the Court's previously ordered deadline for expert disclosures. Accordingly, the Court finds that the Request of Rule 16(a)(1)(E) Expert Information [Doc. 121] and the Motion for Pretrial Written Summary of Expert Testimony [Doc. 131] are not well-taken and are therefore **DENIED**.

## XVI. MOTION FOR PRETRIAL NOTICE OF INTENT TO USE 608 OR 609 IMPEACHMENT EVIDENCE

Defendants Tedesco [Doc. 166] and Diane Robbins [Doc. 167] have adopted the Motion for Pretrial Notice of Government's Intent to Use 608 or 609 Impeachment Evidence [Doc. 127] filed by Defendant Sidney Douglas Adams.

The government responds [Doc. 189] that the Federal Rules of Evidence do not require pretrial notification of possible use of a defendant's previous conviction unless more than ten years have elapsed since the date of conviction or the release of the witness from the confinement imposed for that conviction, whichever is later. In the event that this situation is applicable to the defendants, the government states that it will file the required notice and ask the Court to make a determination as to whether the use of this conviction is permissible.

The Court agrees with the government that there is no requirement under the Federal Rules of Evidence that the defendants receive notice pretrial of the government's intention to use Rule 608 or 609 impeachment evidence, unless the conviction is more then ten years old. In any event, the Court finds that the District Court, to whom issues of the admissibility of evidence are entrusted, will be in a better position to determine the admissibility of such evidence at trial. Accordingly, the Motion for Pretrial Notice of Government's Intent to Use 608 or 609 Impeachment Evidence [Doc. 127] is **DENIED**.

**XVII.  MOTIONS IN LIMINE**

Defendants Tedesco [Doc. 166] and Jeremy Robbins [Doc. 175] have adopted the Motions in Limine [Docs. 139, 140] filed by Defendant Denton. The government argues [Doc. 185] that these motions are premature.

To the extent that the defendants challenge the admissibility of specific evidence, the Court finds that the District Court, to whom issues of the admissibility of evidence at trial are entrusted, will be in a better position to make this determination. Accordingly, the Motion in Limine Number One: Concert Picture [Doc. 139] and the Motion in Limine Number Two: Alleged Distinctive Packaging [Doc. 140] are **DENIED**, subject to renewal with the District Court at trial.


## XVIII. MOTION FOR RETURN OF PROPERTY

Defendant Jeremy Robbins has adopted [Doc. 175] the Motion for Return of Property [Doc. 141] filed by Defendant Sidney Douglas Adams. In this motion, Defendant Adams sought the return of specific items of property that were taken from his residence on April 19, 2005, on the ground that the property was illegally and unlawfully seized in violation of the defendant's constitutional rights.

The government states in response [Doc. 189] that to the extent that the property listed in the motion is not evidence or has not been sought for forfeiture through administrative or other proceedings, the property will be returned.

To the extent that Defendant Jeremy Robbins seeks the return of property belonging to Sidney Douglas Adams, the Court finds that Defendant Robbins has no standing to seek such relief. To the extent that Defendant Robbins seeks the return of property seized from his residence on March 4, 2005, the defendant has not identified which specific items he claims should be

returned. Nevertheless, the government has represented to the extent that the property seized is not evidence or has not been sought for forfeiture through administrative or other proceedings, the property will be returned. For these reasons, the Motion for Return of Property [Doc. 141] is **DENIED** at this time.

## XIX. MOTIONS TO SUPPRESS TAPE RECORDINGS

Defendants Tedesco [Doc. 166] and Jeremy Robbins [Doc. 175] have adopted the Motion to Suppress Tape Recording Made March 29, 2005 [Doc. 145] and the Motion to Suppress Tape Recording Made March 18, 2005 [Doc. 146], which were filed by Defendant Denton. The defendants seek to suppress certain tape recordings made during the course of the investigation by law enforcement, copies of which have been provided to the defendants and labeled N-18, N-19, and N-40 respectively. The defendants contend that the tape recordings are so damaged, altered, and/or poor that they should not be admitted into evidence. The defendants seek an Order requiring the government to furnish the tape *in camera* for judicial review and a pre-trial hearing as to their relevance and quality for admissibility.

In response [Doc. 185], the government states that it will consult with the defendants, in advance of trial, to determine any and all audibility issues, and to present any possible disagreements to the Court at the appropriate time.

As the government has indicated that it will consult with the defendants in order to attempt to resolve any issues with respect to these recordings, the Court will **DEFER** ruling on these motions [Docs. 145, 146] until the pretrial conference in this case, which has yet to be rescheduled.

If either defendant still desires the Court to address these motions at the pretrial conference, counsel is to give five working days notice to the Court and the government of that fact.

## XX.    CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that:

(1) Defendant Diane Robbins' First and Second Motions to Adopt [Docs. 151, 167] are **GRANTED**;

(2) Defendant Diane Robbins' Third Motion to Adopt [Doc. 222] is **DENIED**;

(3) Defendant Tedesco's Motion to Adopt Motion of Co-Defendants [Doc. 158] is **DENIED**;

(4) Defendant Tedesco's Amended Motion to Adopt Motion of Co-Defendants [Doc. 166] is **GRANTED IN PART** and **DENIED IN PART**;

(5) Defendant Tedesco's Second Motion to Adopt Motions of Co-Defendants [Doc. 215] is **GRANTED IN PART** and **DENIED IN PART**;

(6) Defendant Jeremy Robbins' Motion to Adopt Motions Filed by Co-Defendants [Doc. 175] is **GRANTED IN PART** and **DENIED IN PART**;

(7) Defendant Jeremy Robbins' Motion to Adopt Defendant Steve Shipley's Second Motion for Bill of Particulars [Doc. 213] is **GRANTED**;

(8) The Motion for Disclosure of Identity of Persons Who Were Present or Participated [Doc. 69]; the Motion for Disclosure of Material Witnesses [Doc. 74]; the Motion for Disclosure of Informants and Operatives [Doc. 116]; the Motion for Disclosure of Identity of Persons Who Were Present or Participated in Any Charged Offense Conduct [Doc. 123]; and the Motion for Disclosure of Identity of Persons Who Were Present or Participated in Any Charged Offense Conduct [Doc. 128] are **DENIED**;

44

(9) The Request for Pretrial Disclosure of Rule 404(b) Evidence [Doc. 71]; the Motion for Notice of Any Rule 404(b) Evidence the Government Seeks to Introduce at Trial [Doc. 94]; and the Motion for Pretrial Notice of Government's Intent to Use 404(b)-Type Evidence [Doc. 124] are **DENIED**;

(10) The Request for Notice of Electronic Surveillance [Doc. 72] is **DENIED AS MOOT**;

(11) The Motion for Pretrial Production of Witness Statements [Doc. 73] is **DENIED**;

(12) The Motion to Require the Government to Reveal Any Agreements With or Concessions to Witnesses That May Influence Their Testimony [Doc. 75]; the Motion for Disclosure of Impeaching Information [Doc. 76]; the Motion for Disclosure of Impeaching and Exculpatory Evidence [Doc. 82]; the Request for Disclosure of Exculpatory Evidence [Doc. 117]; the Motion to Compel Pre-Trial Disclosure of Non-Jencks Exculpatory Evidence [Doc. 119]; and the Motion to Compel Disclosure of the Existence and Substance of Promises of Immunity, Leniency, or Preferred Treatment [Doc. 142] are **DENIED AS MOOT**.

(13) The Motions for a Bill of Particulars [Docs. 77, 87, 102, 103, 120, 203, 206] are **DENIED**;

(14) The Motion for Pretrial Hearing on the Existence of a Conspiratorial Agreement and the Connection Thereto of Defendant [Doc. 81]; the Motion for Hearing to Determine Existence of Conspiracy [Doc. 112]; the Motion for Conspiracy Hearing to Determine the Existence of a Conspiracy [Doc. 126]; and the Motion for Pre-Trial Hearing to Determine Admissibility of Statements of Alleged Co-Conspirators [Doc. 134] are **DENIED**;

(15) The Motion for Disclosure of All Statements Which the Government Will Seek to Attribute to the Defendant [Doc. 84] is **DENIED AS MOOT**;

(16) The Motion for Leave to File Further Motions [Doc. 91]; the Motion for Leave to File Additional Motions [Doc. 135]; and the Renewed Motion for Leave to File Further Motions [Doc. 209] are **DENIED**;

(17) The Motions for Severance of Defendants [Docs. 99, 137, 148] and the Joint Motion to Sever [Doc. 136] are **DENIED**;

(18) The Motion for Evidence Arguably Subject to Suppression Under Rule 12(b)(4)(B) [Doc. 106]; the Motion for Pretrial Notice of Government's Intent to Use Evidence [Doc. 122]; and the Motion for Notice by the Government of Its Intention to Use Evidence Arguably Subject to Suppression [Doc. 132] are **DENIED AS MOOT**;

(19) The Motion for Agents to Retain Rough Notes [Doc. 108] and the Motion for Agents, Officers and Employees to Retain Rough Notes [Doc. 109] are **DENIED AS MOOT**;

(20) The Motion for Agents, Officers and Employees to Disclose and Provide Evidence in Their Possession, Custody or Control to the Prosecuting Attorney [Doc. 113] is **DENIED**;

(21) The Request of Rule 16(a)(1)(E) Expert Information [Doc. 121] and the Motion for Pretrial Written Summary of Expert Testimony [Doc. 131] are **DENIED**;

(22) The Motion for Pretrial Notice of Government's Intent to Use 608 or 609 Impeachment Evidence [Doc. 127] is **DENIED**;

(23) The Motion in Limine Number One: Concert Picture [Doc. 139] and the Motion in Limine Number Two: Alleged Distinctive Packaging [Doc. 140] are **DENIED**;

(24) The Motion for Return of Property [Doc. 141] is **DENIED**; and

(25) The Motion to Suppress Tape Recording Made March 29, 2005 [Doc. 145] and the Motion to Suppress Tape Recording Made March 18, 2005 [Doc. 146] are **DEFERRED** until the pretrial conference.

**IT IS SO ORDERED.**

**ENTER:**


_____s/ H. Bruce Guyton_____
United States Magistrate Judge