## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | **3:05-CR-32** |
| | ) | **Judge Phillips/Guyton** |
| SIDNEY DOUGLAS ADAMS | ) | |

## AGREED PRELIMINARY ORDER OF FORFEITURE

WHEREAS, on August 17, 2005, a Second Superseding Indictment was filed in the above-referenced case charging SIDNEY DOUGLAS ADAMS with, among other things, in Count One, conspiracy to knowingly, intentionally, and without authority manufacture, distribute and possess with intent to distribute in excess of 1,000 kilograms of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A); and in Count Two, conspiracy to knowingly, intentionally, and without authority commit certain offenses against the United States, in violation of 18 U.S.C. §§ 1956(a)(1)(A)(I), (a)(1)(B)(i) and 1956(h).

WHEREAS, in the Forfeiture Allegations of the Second Superseding Indictment in the above-styled case, the United States sought forfeiture of the interest of the Defendant, pursuant to 21 U.S.C. § 853, in, among other things, the property described below which constitutes, or was derived from, proceeds obtained, directly or indirectly, as a result of said conspiracy in the Second Superseding Indictment or was property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said offense.

**Vehicles**

2001 Dodge Caravan, VIN 2B4GP44G51R141286;

**Currency**

$158,020.00 in United States currency seized from the defendant;

**Electronic Equipment**

a.   Hewlett Packard ZE4500 Pavilion Notebook, Serial No. CNF3372FGO;

b.   Hewlett Packard Monitor, Model F1703, Serial No. CNC42714ZL;

c.   Lexmark Color Printer, Model X1150, Serial No. 22350511588; and

d.   Hewlett Packard Desktop Computer with Speakers, Serial No. MXM4310FDL

AND WHEREAS, on August 8, 2006, the Defendant, SIDNEY DOUGLAS ADAMS, pled guilty to Count One charging him with violations of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A) of the Second Superseding Indictment and agreed to forfeit his interest to the United States in the above-mentioned properties in which he hereby asserts that he is the sole and exclusive owner of the properties and that no one else has any legal or equitable interest therein:

AND WHEREAS, on August 8, 2006, this Court accepted the guilty plea of the defendant, SIDNEY DOUGLAS ADAMS, and by virtue of said guilty plea and conviction, the Court has determined that the property identified above is subject to forfeiture pursuant to 21 U.S.C. § 853, and that the United States has established the requisite nexus between the property and the aforesaid offenses. Further the United States is now entitled to seize said property, pursuant to 21 U.S.C. § 853(g) and Rule 32.2(b) of the Federal Rules of Criminal Procedure;

Accordingly, it is hereby ORDERED, ADJUDGED AND DECREED:

1.     That based upon the conviction of defendant, SIDNEY DOUGLAS ADAMS, under 21 U.S.C. §§ 846 and 841(a)(1), 841(b)(1)(A), the United States is hereby authorized to seize the following property and the same is hereby forfeited to the United States for disposition in accordance with law, pursuant to 21 U.S.C. § 853:

**Vehicles**

2001 Dodge Caravan, VIN 2B4GP44G51R141286;

**Currency**

$158,020.00 in United States currency seized from the defendant;

**Electronic Equipment**

a.     Hewlett Packard ZE4500 Pavilion Notebook, Serial No. CNF3372FGO;

b.     Hewlett Packard Monitor, Model F1703, Serial No. CNC42714ZL;

c.     Lexmark Color Printer, Model X1150, Serial No. 22350511588; and

d.     Hewlett Packard Desktop Computer with Speakers, Serial No. MXM4310FDL

2.     That the aforementioned property, except for the above-described computers and related equipment, is to be held by the United States Marshals Service in their secure custody and control. In the case of the computers and related equipment, the federal law enforcement agency seizing the computers shall retain custody of these computers until the criminal investigation is complete. At the conclusion of the criminal investigation, the seizing agency shall turn over custody of the computers to the United States Marshals Service for completion of the forfeiture in this case.

3.     That pursuant to 21 U.S.C. § 853(n)(1), the United States Marshal forthwith shall publish at least once for three consecutive weeks in a newspaper of general circulation, notice

3

of this Order, notice of the Marshal's intent to dispose of the property in such manner as the Attorney General may direct and notice that any person, other than the Defendant, having or claiming a legal interest in any of the above-listed forfeited property must file a petition with the court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

4.      This notice shall state that the petition for a hearing to adjudicate the validity of the petitioner's alleged interest in the property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title and interest in the forfeited property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the property and any additional facts supporting the petitioner's claim and the relief sought. The United States may also, to the extent practicable, provide direct written notice to any person, as a substitute for published notice as to those persons so notified.

5.      That upon adjudication of all other or third-party interests in said property, this court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed.

6.      The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to the Federal Rules of Criminal Procedure 32.2(e).

7. That the Clerk of this Court shall provide a certified copy of this Order to the United States Marshals Service and to the United States Attorney's Office.

ENTER:

_Thomas W. Phillips_
UNITED STATES DISTRICT JUDGE

Submitted by:

JAMES R. DEDRICK
United States Attorney

By: _[signature]_
HUGH B. WARD, JR.
Assistant U.S. Attorney

_[signature]_
SIDNEY DOUGLAS ADAMS
Defendant

_[signature]_
RALPH E. HARWELL
Attorney for Sidney Douglas Adams