UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 3:05-CR-32 |
| v. | ) | JUDGE PHILLIPS/GUYTON |
| | ) | |
| SIDNEY DOUGLAS ADAMS, | ) | |
| | ) | |
| Defendant. | ) | |

## FINAL ORDER OF FORFEITURE

1. On August 17, 2005, a Second Superseding Indictment was filed in the above-referenced case charging SIDNEY DOUGLAS ADAMS with, among other things, in Count One, conspiracy to knowingly, intentionally, and without authority manufacture, distribute and possess with intent to distribute in excess of 1,000 kilograms of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A).

2. In the Forfeiture Allegations of the Second Superseding Indictment in the above-styled case, the United States sought forfeiture of the interest of the Defendant, pursuant to 21 U.S.C. § 853, in, among other things, the property which constitutes, or was derived from, proceeds obtained, directly or indirectly, as a result of said conspiracy in the Second Superseding Indictment or was property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said offense.

3. On August 8, 2006, the Defendant, SIDNEY DOUGLAS ADAMS, pled guilty to Count One charging him with violations of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A) of the Second Superseding Indictment and agreed to forfeit his interest to the United States in the properties in which he hereby asserts that he is the sole and exclusive owner of the properties and that no one else has any legal or equitable interest therein.

4. On August 8, 2006, this Court accepted the guilty plea of the defendant, SIDNEY DOUGLAS ADAMS, and by virtue of said guilty plea and conviction, the Court has determined that the property identified above is subject to forfeiture pursuant to 21 U.S.C. § 853, and that the United States has established the requisite nexus between the property and the aforesaid offenses. Further the United States is now entitled to seize said property, pursuant to 21 U.S.C. § 853(g) and Rule 32.2(b) of the Federal Rules of Criminal Procedure;

5. On January 18, 2007, this Court entered an Agreed Preliminary Order of Forfeiture pursuant to the guilty plea entered by the defendant, SIDNEY DOUGLAS ADAMS, forfeiting to the United States, pursuant to 21 U.S.C. § 853, the defendant's interest in the properties described below, which constitute and are derived from proceeds obtained, directly or indirectly, as a result of the offense:

**Vehicles**

2001 Dodge Caravan, VIN 2B4GP44G51R141286;

**Currency**

$158,400.00 in United States currency seized from the defendant;[1]

---

[1] The Drug Enforcement Administration administratively forfeited the currency as follows: $128,020 on February 22, 2007 and $30,380 on March 2, 2007.

*United States v. Sidney Douglas Adams*; Case No. 3:05-CR-32
Final Order of Forfeiture                                    2

**Electronic Equipment**

    a. Hewlett Packard ZE4500 Pavilion Notebook, Serial No. CNF3372FGO;

    b. Hewlett Packard Monitor, Model F1703, Serial No. CNC42714ZL;

    c. Lexmark Color Printer, Model X1150, Serial No. 22350511588; and

    d. Hewlett Packard Desktop Computer with Speakers, Serial No. MXM4310FDL

6. Pursuant to 21 U.S.C. § 853(n)(1), and the Agreed Preliminary Order of Forfeiture, Notice of Forfeiture as to the properties described above, was published in *The Citizen Tribune*, a newspaper of general circulation in Morristown, Tennessee on three occasions: February 15, 2007; February 22, 2007; and on March 1, 2007. Proof of publication was filed on March 28, 2007.

7. The Notice of Forfeiture advised that any person, other than the Defendants, having or claiming a legal interest in the forfeited properties described herein, must file a petition with the Court within thirty (30) days of the final publication of the notice. The notice further provided that the petition shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought.

No person, corporation, or entity has filed a claim as to the properties listed above.

It is therefore ORDERED, ADJUDGED AND DECREED:

1. That the following properties be and the same are hereby forfeited to the United States, pursuant to 21 U.S.C. § 853(h) and all right, title and interest in said properties be and the same are hereby vested in the United States:

### Vehicles

2001 Dodge Caravan, VIN 2B4GP44G51R141286;

### Electronic Equipment

a. Hewlett Packard ZE4500 Pavilion Notebook, Serial No. CNF3372FGO;

b. Hewlett Packard Monitor, Model F1703, Serial No. CNC42714ZL;

c. Lexmark Color Printer, Model X1150, Serial No. 22350511588; and

d. Hewlett Packard Desktop Computer with Speakers, Serial No. MXM4310FDL.

2. That the United States Marshal Service shall dispose of said forfeited properties according to law.

3. That the Clerk of this Court provide the United States Marshal Service and the United States Attorney's Office with a certified copy of this Final Order of Forfeiture.

ENTER:

*Thomas W. Phillips*
THOMAS W. PHILLIPS
UNITED STATES DISTRICT JUDGE

Submitted by:

JAMES R. DEDRICK
United States Attorney

s/ Hugh B. Ward, Jr.
HUGH B. WARD, JR.
Assistant United States Attorney